No. 89-299

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

---

DENNIS MURNION and KIMBERLY MURNION,

        Plaintiffs and Appellants,

  -vs-

HEBERLE FORD COMPANY, a Montana business
organization,

        Defendant and Respondent.

'90 FEB 5 PM 2 54
MONTANA SUPREME COURT
ED SMITH CLERK
FILED

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
           In and for the County of Yellowstone,
           The Honorable ~~Charles Luedke~~, Judge presiding.
               Russell Fillner

COUNSEL OF RECORD:

    For Appellant:

        Roy W. Johnson, Stephens Law Firm, Billings, Montana

    For Respondent:

        Guy Rogers; Anderson, Brown Law Firm, Billings, Montana

---

Submitted on Briefs: Nov. 21, 1989

Decided: February 5, 1990

Filed:

_Clerk_

Justice Diane G. Barz delivered the Opinion of the Court.

Dennis and Kimberly Murnion, plaintiffs, filed a motion under Rule 60(b), M.R.Civ.P., in the District Court of the Thirteenth Judicial District, Yellowstone County. The plaintiffs' requested that the court relieve them of the order granting defendant Heberle Ford's motion for summary judgment on the basis of newly discovered evidence. The District Court denied plaintiffs' motion and the plaintiffs appealed. We affirm.

On February 5, 1983, Dennis Murnion was riding as a passenger in a 1962 truck owned and driven by his brother, Mark Murnion. Dennis was injured when the truck collided with a Burlington Northern train at an interchange under construction on a state highway, approximately fifteen miles north of Colstrip, Montana. Mark had purchased the truck on December 4, 1982 from Heberle Ford, located in Forsyth, Montana.

Dennis Murnion and his wife, Kimberly Murnion, subsequently filed suit on February 4, 1986 against several defendants, including Heberle Ford. The Murnions alleged that Heberle Ford was negligent, careless and reckless in failing to inspect, test and service the brake system of the 1962 truck. On May 15, 1987, Heberle Ford filed a motion for summary judgment against Murnions' claims. After briefing by the parties, the motion was argued before the District Court. The court subsequently granted Heberle Ford's motion for summary judgment. The summary judgment order was entered on July 13, 1987 and the notice of entry of judgment was served July 14, 1987.

2

On August 26, 1988, nearly fourteen months after the District Court granted summary judgment in favor of Heberle Ford, the Murnions filed a motion in limine or, alternatively, a motion to reconsider the prior summary judgment order. The motion in limine requested the court to preclude the defendants from introducing evidence or offering testimony of any kind showing or attempting to show that one of the causal factors in the collision was attributable to a product's failure in connection with the truck's brake system. The Murnions alternative motion to reconsider the prior summary judgment order does not exist as a post-judgment motion under the Montana Rules of Civil Procedure. Murnions' motion, however, was based upon alleged newly discovered evidence. We will therefore equate Murnions' motion with a motion pursuant to Rule 60(b), M.R.Civ.P., so as to allow it to be properly before this Court.

The Murnions offered the affidavit of their expert witness, F. Denman Lee, dated and filed October 17, 1988, as the newly discovered evidence. The District Court denied the Murnions' motion, stating that the Murnions had not exercised due diligence in presenting the court with their alleged newly discovered evidence. The notice of entry of judgment for this order was filed April 12, 1989. The Murnions then filed their notice of appeal from this order on April 17, 1989.

The sole issue raised on appeal is whether the District Court erred in denying Murnions' motion under Rule 60(b), M.R.Civ.P., to relieve them of the order granting Heberle Ford's motion for

summary judgment on the basis of newly discovered evidence.

The law is well settled regarding a party seeking relief from a judgment because of newly discovered evidence. Before a court will grant a new trial or relief from a judgment, the moving party must demonstrate reasonable due diligence in procuring the newly discovered evidence within the specified statutory time periods. The pertinent part of Rule 60(b), M.R.Civ.P., for this case provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) when a defendant has been personally served . . . <u>not more than 60 days after the judgment, order or proceeding</u> was entered or taken . . . (Emphasis added.)

The notice of entry of judgment granting Heberle Ford's motion for summary judgment was served to the Murnions on July 14, 1987. The Murnions therefore had sixty days to bring forth their alleged newly discovered evidence and to demonstrate that they exercised reasonable due diligence in procuring this newly discovered evidence. The Murnions, however, did not file their Rule 60(b) motion until August 26, 1988--nearly twelve months after the statute of limitations expired for filing such a motion. In light of the above, the District Court did not err in denying the Murnions' motion under Rule 60(b), M.R.Civ.P., to relieve them of the order granting Heberle Ford's motion for summary judgment

4

because of the Murnions' alleged newly discovered evidence.

Affirmed.

_____
Justice

We concur:

_____
_____
_____
_____
Justices